**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2069
_____

MICHAEL RINALDI,
                                        Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-01976)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2016

Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 18, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Michael Rinaldi appeals the District Court's order denying his petition under 28 U.S.C. § 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). For the reasons detailed below, we will affirm the District Court's judgment.

In June 1999, a jury in the Middle District of Pennsylvania found Rinaldi guilty of two offenses concerning the possession and distribution of cocaine, possession of a firearm by a convicted felon, and using or carrying a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c). The District Court imposed a total sentence of 248 months' imprisonment, with 60 months being attributable to the § 924(c) offense. See M.D. Pa. Cr. A. No. 3:98-cr-00294. On direct appeal, we affirmed. See C.A. No. 99-3935. Rinaldi subsequently filed a motion under 28 U.S.C. § 2255. The District Court denied the motion, and we denied his request for a certificate of appealability. See C.A. No. 03-1204.

After other proceedings not relevant here, on July 22, 2013, Rinaldi filed a petition under 28 U.S.C. § 2241 in the District Court. Relying on the Supreme Court's holding in Watson v. United States, 552 U.S. 74, 76 (2007), that an individual who trades drugs for a gun does not "use" a firearm for purposes of § 924(c), Rinaldi claimed that he is actually innocent of his § 924(c) offense. The District Court denied Rinaldi's petition.

2

The Court ruled first that its jury instructions were not contrary to Watson. The Court then concluded that, while the prosecution did elicit testimony that Rinaldi had traded cocaine for firearms, "there was also evidence that Rinaldi often carried a firearm on his person and that he displayed a firearm prominently on the table while selling cocaine," which defeated the claim of innocence. D.C. Op. at 15. Rinaldi filed a timely notice of appeal. He has also asked to be released on bail.

We agree with the District Court's analysis of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). This exception is narrow and applies in only rare circumstances. In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted.

Rinaldi argues that this exception applies here because the change in law wrought by Watson renders him actually innocent of violating § 924(c). We are not persuaded. Rinaldi was charged in the indictment with using and carrying a gun. Therefore, to show the innocence necessary to proceed under § 2241, Rinaldi must establish that it is more

likely than not that no reasonable juror would have convicted him of either using or carrying a firearm. See Bousley v. United States, 523 U.S. 614, 623-24 (1998); see also United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (Bousley standard applies to innocence claims brought under § 2241); United States v. Williams, 344 F.3d 365, 376 (3d Cir. 2003) (explaining that conviction under § 924(c) can be sustained if evidence shows either "use" or "carry").

As the District Court explained, he cannot make that showing. At trial, the Government presented evidence that Rinaldi regularly carried the firearms identified in the indictment on his person, that he kept a firearm on a table nearby during specific drug transactions, that his drug conspiracy used violence to quell competition, and that the police found the guns, cocaine, and packaging materials in Rinaldi's home — which doubled as the location from which he sold drugs — when conducting a search. In these circumstances, Rinaldi has not established that it is more likely than not that no reasonable juror would have convicted him of violating § 924(c). See Bailey v. United States, 516 U.S. 137, 146 (1995) ("a firearm can be used without being carried, e.g., when an offender has a gun on display during a transaction"); United States v. Garth, 188 F.3d 99, 111 (3d Cir. 1999) ("Clearly, 'one who bears arms on his person carries a weapon.'" (quoting Muscarello v. United States, 524 U.S. 125, 130 (1998)); see generally Williams, 344 F.3d at 371, 375 (discussing standards for using or carrying a firearm "during and in relation to" a drug-trafficking offense).

4

Rinaldi argues that, even if the Government did present evidence that he used or carried a firearm, he is entitled to relief under § 2241 because one of the legal theories undergirding his conviction is legally invalid in light of Watson. See Tyler, 732 F.3d at 253. The invalid-legal-theory rule "applies 'if the indictment or the district court's jury instructions are based on an erroneous interpretation of law or contain a mistaken description of the law.'" United States v. Georgiou, 777 F.3d 125, 137 (3d Cir. 2015) (quoting United States v. Syme, 276 F.3d 131, 145 (3d Cir. 2002)). Again, we are not persuaded by Rinaldi's argument. The indictment merely alleged, generally, that Rinaldi had knowingly used and carried firearms. Moreover, the District Court's jury instructions were not inconsistent with Watson, permitting the jury to convict if (among other things) Rinaldi bartered away a gun but not if he obtained a gun by barter. See Smith v. United States, 508 U.S. 223, 241 (1993); see also Bailey, 516 U.S. at 148 (explaining that "'use' certainly includes brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm").

Accordingly, we will affirm the District Court's judgment. We deny Rinaldi's motion to be released on bail.